UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

In Re:                                          )
                                                )
COURT OPERATIONS UNDER                          )
THE EXIGENT CIRCUMSTANCES                       )
CREATED BY THE COVID-19                         )     **GENERAL ORDER 2020-2**
CORONAVIRUS AND RELATED                         )     **DOCKET No. 2:20-mc-00080-JDL**
PANDEMIC PRECAUTIONS                            )

     This General Order is the second issued in response to the recent outbreak of Coronavirus Disease 2019 (COVID-19) in accordance with the *Pandemic/Infectious Disease Plan for the United States District Court for the District of Maine (March 2020)*. The first General Order continued all civil and criminal (grand and petit) jury selections and jury trials through April 30, 2020, subject to further extension. *See* General Order 2020-1 (D. Me. Mar. 13, 2020). It was entered, in part, in response to guidance from the World Health Organization, the Centers for Disease Control and Prevention (CDC), and the Maine Center for Disease Control and Prevention, which had officially declared COVID-19 a pandemic.

     In the period following the entry of General Order 2020-1, the threat to public health and safety presented by the COVID-19 pandemic has become more widely understood. President Donald J. Trump declared a national emergency on March 13, 2020, and Maine Governor Janet T. Mills declared a state of emergency on March 15, 2020.

     The CDC and other health authorities have advised people to take even greater precautions to reduce the possibility of exposure to the COVID-19 virus and to assist in slowing the spread of the disease. The CDC has recommended that employers attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events. The CDC has also recommended that "gatherings of more than 10 people for organizations that serve higher-risk populations" be cancelled. There is substantial public evidence that COVID-19 is spread by persons who are asymptomatic.

     Because of the threat to public health and safety presented by public gatherings, the Court is unable to safely summons and convene an adequate cross-section of jurors and there is uncertainty as to the ability of parties, counsel, witnesses, court staff, and judges to attend criminal and civil trials, criminal

1

sentencings, and criminal and civil hearings, and in-court hearings must now be limited to critical, time-sensitive matters.

ACCORDINGLY, in order to protect public health and safety, and to reduce the size of public gatherings and unnecessary travel, it is **ORDERED**:

**A. Schedule of Courthouse Operations**. The Edward T. Gignoux Courthouse in Portland and the Margaret Chase Smith Courthouse in Bangor will be open Monday through Friday for operations authorized by this General Order as follows:

1. Scheduled Court Hearings: Public access to scheduled hearings will be permitted only with the prior permission of the presiding Judge.

2. The Clerk's Office will be open by appointment only. Staff in the Clerk's Office will be available by telephone. The Clerk's Office's in-person intake window will be closed. Persons filing documents in person will be directed to leave such documents at a designated drop-off point in the Court at a designated time.

3. Persons wishing to request permission to attend a scheduled court hearing, schedule an appointment to file documents in person with the Clerk of Court, or obtain additional information or guidance, should call or email the Clerk's Office:

    a. Portland Clerk of Court: (207) 780-3356, usdc_emergency@med.uscourts.gov
    b. Bangor Clerk of Court: (207) 945-0575, usdc_emergency@med.uscourts.gov

**B. In-Court Judicial Operations and Hearings.** In accordance with the preceding schedule, in-court judicial operations and hearings at the Edward T. Gignoux Courthouse in Portland, Maine, and the Margaret Chase Smith Courthouse in Bangor, Maine, are restricted to:

1. Preliminary, time-sensitive criminal hearings;

2. The issuance of search warrants, arrest warrants, and criminal complaints;

3. Criminal sentencings in which the defendant is in custody and (1) any party requests a sentence that if imposed would be less than the period in which the defendant has been in pre-trial custody and the presiding Judge determines that it is reasonably possible that the requested sentence may be ordered; (2) the low end of the guideline sentencing range allows for a non-custodial sentence; or (3) where the presiding Judge determines that there is a liberty interest, public safety or other case-specific compelling reason that makes an immediate sentencing necessary;

4. Changes of plea pursuant to Fed. R. Crim. P. 11 where the presiding Judge determines that there is a liberty interest, public safety or other case-specific compelling reason that makes an immediate change of plea necessary;

5. Probation revocation proceedings where the presiding Judge determines that there is a liberty interest, public safety or other case-specific compelling reason that makes an immediate hearing necessary;

6. Bail revocation and modification proceedings;

7. The processing of motions in criminal and civil cases seeking immediate emergency relief, including motions for temporary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, as well as other urgent or critical matters as determined by the Chief Judge of the District of Maine;

8. In addition to motions seeking immediate emergency relief, if an unrepresented person or an attorney contends that there are urgent and compelling reasons for immediate judicial action in any case, the person or attorney should immediately file a written motion, which must be served on the other party or parties, explaining why the particular case must be ruled on immediately. If any party objects to the motion, it must file its written opposition within forty-eight (48) hours after the motion is filed. The court will rule on the motion expeditiously;

9. The receipt, filing and docketing of documents in all criminal and civil cases;

10. Administrative functions deemed essential by the Chief Judge or the Clerk of Court of the District of Maine;

11. Maintenance of equipment and property;

12. Other activities required to protect public health and safety; and

13. Such other matters approved by the Chief Judge of the District of Maine.

C. **Scheduled In-Court Hearings and Conferences.** All previously scheduled in-court hearings scheduled to take place before May 1, 2020, are continued and will be rescheduled, unless they satisfy one or more of the criteria set forth in Paragraph B. The time period of any continuance entered in a criminal case as a result of this Order will be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial, subject to the entry of an order addressing the same by the presiding Judge in each case. The presiding Judge may extend or modify the period of exclusion as circumstances may warrant.

D. **Scheduled Teleconference Hearings and Conferences.** All previously scheduled telephonic hearings and conferences are not affected by this General Order and will be held as scheduled. This General Order does not affect or restrict the consideration of civil or criminal motions which the presiding Judge has determined should be addressed telephonically or without a hearing.

E. **Juries.**

1. All civil and criminal (grand and petit) jury selections and jury trials scheduled to commence before any district or magistrate judge in the District of Maine are CONTINUED pending further Order of the Court. There will be no jury trials during March, April, or May, 2020;

2. All grand jury proceedings in the District of Maine are continued pending further Order of the Court. There will be no additional grand jury proceedings during March or April, 2020. It has not yet been determined whether there will be grand jury proceedings during May 2020. Due to the unavailability of a grand jury in this District during the pendency of this General Order, the 30-day time period for filing an indictment is tolled as to each defendant until this General Order terminates. *See* 18 U.S.C. § 3161(b);

3. The Court finds that the ends of justice served by ordering the continuance of all criminal jury trials outweighs each defendant's right to and the public's interest in speedy indictment or trial. Therefore, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), subject to the entry of an order addressing the same by the presiding Judge in each case.

F. **Protection of Constitutional and Statutory Rights.** Individual judges presiding over criminal and civil proceedings may take such actions consistent with this General Order, including requesting relief from the requirements of this General Order from the Chief Judge of the District Court, as may be lawful and necessary to ensure the fairness of the proceedings, and to protect and preserve constitutional and statutory rights.

G. **Deadlines in Criminal and Civil Cases**. All deadlines in criminal and civil cases between the date of this order and May 1, 2020, are extended thirty days to allow lawyers, parties, and U.S. Probation and Pretrial Services sufficient time to implement teleworking arrangements. If a party believes that the 30-day extension in a particular case will result in undue prejudice to the party, the party may file a motion for relief from the application of this provision.

H. **Video Proceedings.** The court is taking steps to have the capacity to conduct hearings by video. Once available, all initial appearances, arraignments, and detention hearings may take place by videoconference where feasible. As provided by Fed. R. Crim. P. 10(b), defendants may waive appearance at an arraignment. All defendants shall be deemed to have consented to conducting such hearings by videoconference pursuant to Fed. R. Crim. P. 5(f) and 10(c) unless the defendant files a specific

objection with the presiding Judge. This provision shall apply to new charges, superseding charges, and proceedings to revoke probation or supervised release. This provision shall apply to all hearings authorized by Paragraph B of this General Order.

I. **Telephonic Proceedings.** Individual judges may continue to hold hearings, conferences, and bench trials by telephonic conference as they deem necessary.

J. **Employee Teleworking.** Unless otherwise directed by their supervisor, all court employees will telework during regular business hours.

K. **Courts Remain Open for Filing of Documents.** The Edward T. Gignoux Courthouse in Portland and the Margaret Chase Smith Courthouse in Bangor remain open subject to the schedule set forth in Paragraph A. Attorneys and registered self-represented parties may continue to file documents with the court electronically through CM/ECF, or in paper in accordance with the schedule set forth in Paragraph A. The telephone number of the Portland Clerk's Office is 207-780-3356 and the telephone number of the Bangor Clerk's Office is 207-945-0575.

L. **Effective Time and Date**. This General Order takes effect at 12:01 a.m. on March 19, 2020. It replaces and supersedes General Order 2020-1 (D. Me. Mar. 13, 2020). Unless extended, this General Order shall terminate at 11:59 p.m. on May 1, 2020.

**SO ORDERED.**

Dated: March 18, 2020

                                                                 /s/ **Jon D. Levy**
                                             **CHIEF U.S. DISTRICT JUDGE**