UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| COURT OPERATIONS UNDER | ) | |
| THE EXIGENT CIRCUMSTANCES | ) | |
| CREATED BY THE COVID-19 | ) | GENERAL ORDER 2020-3 |
| CORONAVIRUS & RELATED | ) | |
| PANDEMIC PRECAUTIONS | ) | |

**GENERAL ORDER**

This General Order is the third issued in response to the recent outbreak of Coronavirus Disease 2019 (COVID-19) in accordance with the *Pandemic/Infectious Disease Plan for the United States District Court for the District of Maine (March 2020).* The first General Order continued all civil and criminal (grand and petit) jury selections and jury trials through April 30, 2020, subject to further extension. *See* General Order 2020-1 (D. Me. Mar. 13, 2020). The second General Order superseded and replaced the first General Order. It addressed the schedule for and types of criminal and civil matters that will be addressed under the current circumstances, provided further clarification regarding jury (petit and grand) matters, provided for telephonic and video hearings and conferences, extended all deadlines in criminal and civil cases by thirty days, and recognized that the Court's staff will largely be teleworking. *See* General Order 2020-2 (D. Me. Mar. 18, 2020). The Court hereby adopts and incorporates the findings made in the first and second General Orders as to the threat to public health and safety presented by the COVID-19 pandemic.

The purpose of this third General Order is to address the use of telephonic hearings in criminal cases. It complements General Order 2020-2, which remains in full force and effect.

The Court has concluded that to protect the health and safety of criminal defendants, attorneys, court staff, probation officers, Court Security Officers, employees of the U.S. Marshal for the District of Maine, employees of the General Services Administration, members of law enforcement, and the public, it is necessary at this time to employ telephonic hearings in preliminary criminal proceedings including initial appearances, arraignments, and detention hearings. Further, the Court has concluded that telephonic hearings may, at the discretion of a presiding Judge, be

used for purposes of the narrow class of changes of plea, sentencings, and probation revocation hearings set forth in General Order 2020-2, paragraphs B(3)−(5).[1] These conclusions are based on the following findings.

## FINDINGS

On March 19, 2020, the Administrative Office of the United States Courts issued additional guidance regarding the Judiciary's response to COVID-19. *See* James C. Duff, Admin. Office of U.S. Courts, ADDITIONAL GUIDANCE REGARDING JUDICIARY RESPONSE TO COVID-19 (Mar. 19, 2020) ("the Guidance"). The Guidance states that courts should "[a]llow individuals who are in high-risk categories or who care for others in high-risk categories to telework to the fullest extent possible." *Id.* "The CDC states that adults 65 years old and older, and anyone with compromised immunity or chronic health conditions, are at higher risk for severe illness . . . ." *Id.*

Many of the employees and Judges of the District of Maine are in high-risk categories or care for others in high-risk categories. In addition, many of the Court Security Officers, court reporters, officers of the U.S. Marshal for the District of Maine, attorney members of the Criminal Justice Act Panel for the District of Maine, and attorney members of the U.S. Attorney for the District of Maine are in high-risk categories or care for others in high-risk categories.

The Guidance further directs that courts should "[c]onduct in-person court proceedings only when absolutely necessary. Conducting court proceedings places

---

[1] The narrow class of changes of plea, sentencings, and probation revocation proceedings is set forth in paragraphs B(3)−(5) of General Order 2020-2 as follows:

> 3. Criminal sentencings in which the defendant is in custody and (1) any party requests a sentence that if imposed would be less than the period in which the defendant has been in pre-trial custody and the presiding Judge determines that it is reasonably possible that the requested sentence may be ordered; (2) the low end of the guideline sentencing range allows for a non-custodial sentence; or (3) where the presiding Judge determines that there is a liberty interest, public safety or other case-specific compelling reason that makes an immediate sentencing necessary;
>
> 4. Changes of plea pursuant to Fed. R. Crim. P. 11 where the presiding Judge determines that there is a liberty interest, public safety or other case-specific compelling reason that makes an immediate change of plea necessary;
>
> 5. Probation revocation proceedings where the presiding Judge determines that there is a liberty interest, public safety or other case- specific compelling reason that makes an immediate hearing necessary[.]

parties, judges, court employees, deputy U.S. marshals, and attorneys at great risk. Utilize videoconferencing or audioconferencing capabilities where practicable . . . ."

Considering the foregoing, the District of Maine has sought to schedule video-conference hearings with the jails responsible for the custody of individuals charged in proceedings pending in the District of Maine. As a result of many competing demands, the jails and the Court are currently unable to establish a schedule of fixed days and times during which federal prisoners can be made available for videoconference hearings. Further, the Video Teleconference Communication ("VTC") technology and equipment required for videoconference hearings which the District of Maine has provided the jails are new to the jails and largely untested. It is currently unknown whether the VTC technology and equipment will reliably work.

A videoconference hearing in which all participants other than the defendant assemble in a courtroom is also far more likely to result in the transmission of the COVID-19 virus than a teleconference hearing. An in-court hearing requires no fewer than ten individuals to congregate at a courthouse, including the Judge, courthouse entry security officers, courtroom court security officers, U.S. Marshal courtroom officers, defense attorney, prosecuting attorney, courtroom clerk, court reporter, and probation officer. Assembling participants in a courtroom increases the risk that the participants may be exposed to an individual infected by the COVID-19 virus.

By contrast, all participants in a telephonic hearing, including the Judge, would remain at their homes or offices, thus eliminating the need for them to travel to the courthouse and congregate in the courthouse and in a courtroom. Telephonic hearings substantially reduce the threat of exposing those who participate in hearings to COVID-19. In addition, because telephonic hearings do not require travel by the participants, they are more easily scheduled on an ad hoc basis with short notice to the participants. Telephonic hearings are more easily managed by the jails' staff than are videoconference hearings, which require that the jails' technical-support staff be present and available for a hearing to occur.

It is the Court's duty to guarantee the rights of all persons charged with criminal offenses, to take the steps required to ensure that time-sensitive hearings take place as required, and to ensure that defendants held in custody are released from custody if it is reasonably certain that a hearing, if held, will result in the defendant's release from custody. Proceeding with telephonic hearings in certain criminal matters will enable the Court to expeditiously provide required initial hearings to defendants

newly charged with a criminal offense or offenses, and, at the discretion of the presiding Judge, expeditiously address the rights of defendants who are likely to be released from custody upon the completion of a hearing, in keeping with the criteria set forth in General Order 2020-2, paragraphs B(3)−(5).

ACCORDINGLY, it is ORDERED that until such time as the Chief Judge of the District Court has determined that the VTC videoconference system can be reliably deployed and/or that in-court hearings may be safely held:

A. <u>Initial Appearances, Arraignments, and Detention Hearings</u>. All initial appearances, arraignments, and detention hearings shall take place telephonically. If a detention hearing is contested, the parties' presentation will be through proffer, exhibits, and oral or written argument.

B. <u>Changes of Plea, Sentencings, and Probation Revocation Proceedings</u>. Federal Rules of Criminal Procedure 11 and 43 may require the physical presence of a defendant before a judge for a guilty plea or sentencing hearing for a felony. Federal Rule of Criminal Procedure 32.1 may require the same with respect to a probation revocation proceeding. Despite these provisions, requiring the physical presence of a defendant before a judge at this point in the COVID-19 pandemic presents unacceptable health risks. The Judges of this District are duty-bound to apply the Rules of Criminal Procedure and for most defendants, the conflict between the dictates of the Rules and the practical consequences of the COVID-19 crisis do not present an issue because their guilty plea, sentencing and probation revocation hearings may be delayed until the passing of this crisis without any impact on their legal rights. But there is a narrow band of defendants who may be entitled to immediate release. For these defendants, one alternative is for the Court to release the defendant on bail pending the scheduling of a guilty plea, sentencing or probation revocation hearing at a later time.

Accordingly, Defendants who believe that they fall within the narrow class of change of plea, sentencing and probation revocation hearings set forth in General Order 2020-2, paragraphs B(3)−(5), may file a motion with the court seeking their pretrial release under suitable conditions of bail. Defendants who believe that bail is not an adequate remedy under the circumstances, and who contend that he or she should be permitted to enter a guilty plea, be sentenced, or have a probation revocation hearing without being physically present, may file a motion seeking such a hearing to obtain a judicial ruling.

Motions subject to the preceding paragraph will be addressed on an expedited basis. Upon the receipt of such a motion, the Court will schedule a telephonic conference with the attorneys for the United States and the defendant, and the assigned probation officer.

C. Telephonic hearings will be open to victims, as provided in 18 U.S.C. § 3771 (2020), and the media. They will also be open to members of the public if determined to be reasonably possible. A member of the media or the public wishing to access a hearing may contact the Clerk's Office in advance of the hearing to obtain the dial-in information. Apart from an authorized court reporter, all persons participating in a court proceeding remotely by teleconference are prohibited, under penalty of contempt, from recording or broadcasting any of the proceeding in any manner.

D. The presiding Judge shall engage in a colloquy with the Defendant and defense counsel to ensure that the Defendant voluntarily and knowingly consents to proceed by teleconference hearing.

E. The Clerk of Court may adopt such other practices and rules required to implement this General Order and shall give such notice of the same as is appropriate.

F. **Effective Time and Date**. This General Order takes effect at 12:01 a.m. on March 26, 2020. General Order 2020-2 (D. Me. Mar. 18, 2020) remains in full force and effect. Unless extended, this General Order shall terminate at 11:59 p.m. on May 1, 2020.

**SO ORDERED.**

Dated: March 25, 2020

_____/s/ Jon D. Levy_____
**CHIEF U.S. DISTRICT JUDGE**