| | |
|---|---|
| In Re: ) | |
| ) | |
| COURT OPERATIONS UNDER ) | |
| THE EXIGENT CIRCUMSTANCES ) | |
| CREATED BY THE COVID-19 ) | GENERAL ORDER 2020-4 |
| CORONAVIRUS & RELATED ) | |
| PANDEMIC PRECAUTIONS ) | |

## GENERAL ORDER

Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") on March 27, 2020. *See* H.R. 748, 116th Cong. (2020). The President signed the CARES Act into law later that day. *See* Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act authorizes the use of video teleconferencing and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the COVID-19 emergency. *See id.* § 15002. The CARES Act conditions this authorization on a finding by the Judicial Conference of the United States that emergency conditions exist that materially affect the functioning of either the federal courts generally or a particular district court of the United States. *See id.* § 15002(b)(1)−(2).

On March 29, 2020, the Judicial Conference made such a finding under the CARES Act. *See* James C. Duff, Admin. Office of U.S. Courts, Update on CARES Act Provisions for Criminal Proceedings (Mar. 29, 2020). Specifically, the Judicial Conference found that emergency conditions related to COVID-19 have materially affected and will materially affect the functioning of the federal courts generally. *See id.*

This General Order implements the CARES Act in the District of Maine. It is the fourth issued in response to the recent outbreak of COVID-19. It partially supersedes General Order 2020-2 and fully supersedes General Order 2020-1 and General Order 2020-3.[1]

---

[1] The first General Order continued all civil and criminal (grand and petit) jury selections and jury trials through April 30, 2020, subject to further extension. *See* General Order 2020-1 (D. Me. Mar. 13, 2020). The second General Order superseded and replaced the first General Order. *See* General Order 2020-2 (D. Me. Mar. 18, 2020). It addressed the schedule for and types of criminal and civil matters that will be addressed under the current circumstances, provided further

1

The Court hereby adopts and incorporates the findings made in the first three General Orders as to the threat to public health and safety presented by the COVID-19 pandemic. In addition, the Court specifically finds, pursuant to Section 15002(b)(2) of the CARES Act, that felony changes of plea under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in the District of Maine without seriously jeopardizing public health and safety.

Accordingly, pursuant to the authority granted to a Chief Judge of a District Court under Section 15002(b)(1) of the CARES Act, it is ORDERED:

A. <u>Felony Changes of Plea and Sentencings</u>. Pursuant to Section 15002(b)(2)(A) of the CARES Act, the Court authorizes on its own motion the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for felony changes of plea under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure, if the following circumstances are present:

   1. The presiding Judge in the particular case finds for specific reasons that the change of plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice; and

   2. Under Section 15002(b)(4) of the CARES Act, the defendant consents to proceeding by video teleconference or telephone conference after consultation with counsel.

B. <u>Juvenile Changes of Plea and Sentencings</u>. Pursuant to Section 15002(b)(2)(B) of the CARES Act, the video teleconferencing and telephone conferencing authority described in paragraph (A) of this General Order shall apply with respect to equivalent plea and sentencing, or disposition, proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act").

---

clarification regarding jury (grand and petit) matters, provided for telephonic and video hearings and conferences, extended all deadlines in criminal and civil cases by thirty days, and recognized that the Court's staff will largely be teleworking. *See id.* The third General Order complemented the second General Order. *See* General Order 2020-3 (D. Me. Mar. 25, 2020). It provided for the use of telephonic hearings in criminal cases, including changes of plea and sentencing hearings in certain cases. *See id.*

C. <u>Other Criminal Proceedings</u>. Pursuant to Section 15002(b)(1) of the CARES Act, the Court authorizes on its own motion the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following criminal proceedings, provided that the defendant consents to the same after consultation with counsel:

1. Detention hearings under 18 U.S.C. § 3142 (2020);

2. Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

3. Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

4. Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

5. Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;

6. Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

7. Pretrial release revocation proceedings under 18 U.S.C. § 3148 (2020);

8. Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

9. Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

10. Proceedings under chapter 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

D. <u>Victim, Media, and Public Access</u>. Proceedings conducted by video teleconference and telephone conference will be open to victims, as provided

in 18 U.S.C. § 3771 (2020), and the media.  They will also be open to members of the public if determined to be reasonably possible.  A member of the media or the public wishing to access a hearing may contact the Clerk's Office in advance of the hearing to obtain access information.

E. <u>Effectiveness; Termination</u>.  This General Order takes effect at 12:01 a.m. on April 1, 2020.  It supersedes paragraph B(1), (3)−(6) and paragraph H of General Order 2020-2, which remains in full force and effect in all other respects.  It fully supersedes General Order 2020-1 and General Order 2020-3.  Unless terminated earlier under Section 15002(b)(5) of the CARES Act, this General Order shall remain in effect until 11:59 p.m. on June 30, 2020.  If emergency conditions continue to exist on June 30, 2020, the Court will review the findings and authorizations made in this General Order and determine whether to extend it.

**SO ORDERED** this 31st day of March, 2020.

                                                /s/ Jon D. Levy
                                       **CHIEF U.S. DISTRICT JUDGE**