United States District Court

District of Maine

| | |
|---|---|
| In Re: | ) |
| | ) |
| COURT OPERATIONS UNDER | ) |
| THE EXIGENT CIRCUMSTANCES | ) |
| CREATED BY THE COVID-19 | ) GENERAL ORDER 2020-14 |
| CORONAVIRUS & RELATED | ) (Amended, October 6, 2020) |
| PANDEMIC PRECAUTIONS | ) |

**GENERAL ORDER**

This General Order is the 14th issued in response to the outbreak of Coronavirus Disease 2019 (COVID-19) in accordance with the *Pandemic/Infectious Disease Plan for the United States District Court for the District of Maine (March 2020)*. The Court hereby adopts and incorporates the findings made in the previous General Orders as to the threat to public health and safety presented by the COVID-19 pandemic.

The national emergency declared by President Donald J. Trump and the state of emergency declared by Maine Governor Janet T. Mills remain in effect. Accordingly, the Court has adopted a methodical and incremental approach to the resumption of in-court proceedings. Based on that approach, the Court will implement a schedule of limited in-court hearings beginning in October 2020 and will be prepared to cancel any scheduled in-court hearings on short notice if warranted by public health concerns associated with COVID-19.

The Court's planning for the resumption of criminal and civil jury empanelment is ongoing. Thus, it is premature to schedule criminal and civil jury empanelment any sooner than January 2021 in the Court's Bangor division, and February 2021 in the Court's Portland division.

Thus, this General Order (1) authorizes the resumption of in-court proceedings beginning in October 2020; (2) continues criminal and civil jury empanelment and trials in October, November and December 2020 in the Court's Bangor division; (3) continues criminal and civil jury empanelment and trials in October, November, December 2020 and January 2021 in the Court's Portland division; (4) extends Speedy Trial Act exclusions; and (5) reauthorizes the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, in keeping with the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). In addition, this General Order reauthorizes the admission of attorneys to the Court's bar without a hearing.

**A. In-court Hearings; Criminal and Civil Jury Empanelment and Trials**

To protect public health and safety, and to reduce the size of public gatherings and unnecessary travel, it is ORDERED:

1. <u>In-court Hearings; Juries and Trials</u>

   a. In-court hearings in criminal and civil cases may be held, subject to a limited schedule prepared by the Clerk of Court and approved by the Chief Judge.
   b. All criminal and civil jury empanelment and trials scheduled to commence in the Bangor divisional court in the District of Maine in October, November and December 2020 are CONTINUED.
   c. All criminal and civil jury empanelment and trials scheduled to commence in the Portland divisional court in the District of Maine in October, November and December 2020, and in January 2021, are CONTINUED.

2. <u>Continuances in Criminal Cases</u>.  For every continuance entered in a criminal case pursuant to this General Order or a prior General Order, the time period of the continuance will be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), subject to the entry of an order addressing the same by the presiding Judge in each case.  The Court finds that the ends of justice served by taking such action outweigh the interests of the parties and the public in a speedy trial.  The presiding Judge may extend or modify the period of exclusion as circumstances may warrant.

3. <u>Deadlines in Criminal and Civil Cases</u>.  This General Order does not contain a general extension or suspension of any court deadlines.  A party who desires the extension or suspension of a deadline in a criminal or civil case should file a written motion in accordance with the applicable rule or rules.

**B. Reauthorization of Videoconferencing and Telephone Conferencing**

1. <u>Finding</u>.  In accordance with Section 15002(b)(3)(A) of the CARES Act, I have again reviewed the need for the continued use of videoconferencing or telephone conferencing, if videoconferencing is not reasonably available, as originally authorized by General Order 2020-4 (March 31, 2020) and reauthorized by General Order 2020-10.  I find that the use of videoconferencing or telephone conferencing, if videoconferencing is not reasonably available, continues to be necessary to protect public health and safety.

2. <u>Reauthorization</u>.  Accordingly, I hereby reauthorize the use of videoconferencing and telephone conferencing, if videoconferencing is not

reasonably available, until 11:59 p.m. on December 31, 2020.

### C. Applications for Admission to the Bar of this Court

1. <u>Reauthorization</u>. I hereby reauthorize the consideration of applications for admission to the Bar of the Court without a hearing, as originally authorized by and described in General Order 2020-5. This practice will continue until further order of the Court.

   **Effectiveness:** This General Order takes effect at 11:59 p.m. on September 18, 2020, and shall remain in effect until superseded by a future Order of the Court.

**SO ORDERED.**

Dated: October 6, 2020

             /s/ Jon D. Levy
            **CHIEF U.S. DISTRICT JUDGE**

―――――――――

*Note Regarding October 6, 2020, Amendment:*

General Order 2020-14, originally entered on September 18, 2020, was amended effective October 6, 2020, to clarify that the Court will resume a limited schedule of in-court hearings beginning in October 2020.